IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DAVID EARL § | | |
| § | | |
| *Plaintiff*, § | | |
| v. § | | |
| § | CAUSE NO. 2:20-cv-00010-JRG |
| § | | |
| GENERAC POWER SYSYTEMS, INC., § | | |
| § | | |
| *Defendant.* § | | |
| § | | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

Defendant Generac Power Systems, Inc., without waiving any defenses, files its Reply to Plaintiff David Earl's Response to Defendant's Motion to Dismiss, or in the alternative, Motion to Transfer Venue and would respectfully show:

### I.   RULE 12(B)(3) AND MOTION TO TRANSFER VENUE ARGUMENT

1.  Nothing related to this lawsuit other than its filing took place in the Marshall Division. This very Court has granted multiple intra-district transfer motions when a plaintiff's chosen forum had no connection the events giving rise to their claim.[1] In such circumstances, this

---

[1] *See Potter v. Cardinal Health 200, LLC*, 2019 WL 2150923 at *3, *6 (E.D. Tex. 2019) (Gilstrap, J.); *Durrett v. Walmart, Inc.*, 2018 WL 5630521 at *2, *5 (E.D. Tex. 2018) (Gilstrap, J.); *Sanger Insurance Agency, Inc. v. HUB Int'l, Ltd.*, 2014 WL 5389936 at *4-5 (E.D. Tex. 2014) (Gilstrap, J.); *See also Lozada-Leoni v. MoneyGram International, Inc.*, 2019 WL 7875058 at *14-19 (E.D. Tex. 2019) (recommending motion for intra-district transfer from Texarkana to Sherman Division be granted); *Lozada-Leoni v. MoneyGram International, Inc.,* 2020 WL 428080 at *2 (E.D. Tex. 2020) (adopting magistrate's recommendation and transferring case from Texarkana Division to Sherman Division); *Encompass Office Solutions, Inc. v. Aetna Health Inc.*, 2011 WL 13223647 at *8 (E.D. Tex. 2011) (recommending that defendant's motion to transfer venue from Texarkana Division to the Dallas Division of the Northern District of Texas under 1404(a) be granted); J*ones v. Hartford Life and Accident Insurance Company*, 2009 WL 10677487 at *3 (E.D. Tex. 2009) (granting defendant's motion to transfer venue from Marshall Division to Sherman Division); *Bruner v. Schmidt*, 2005 WL 8161893 at *3 (E.D. Tex. 2005) (granting defendant's motion to transfer venue from Marshall Division to Sherman Division); *Rios v. Scott*, 2002 WL 32075775 at *5 (E.D. Tex. 2002) (recommending that defendants' motion to transfer venue from Beaumont Division to Tyler Division be granted).

Court has concluded that the relative ease of access to sources of proof, convenience of the witnesses, and the local interest in having local interests decided at home all weigh in favor of transfer.[2] Here, the Tyler Division is clearly more convenient because those factors all weigh in favor of transfer.

2. First, all sources of proof are located within the Tyler Division. Plaintiff does not argue otherwise, claiming instead that "[t]his factor has become less significant in a transfer analysis because of advances in copying and electronic technology."[3] In *Potter*, however, this Court explained that "despite technological advances in transportation of electronic documents, physical accessibility to sources of proof continues to be a private interest factor to be considered."[4] Moreover, "[s]ince all of the events giving rise to Potter's ADEA and FLSA claims arose in the Tyler Division and Cardinal Health proffers that all physical evidence is located therein with no rebuttal from or identification of other sources of proof by Potter, the Court finds this factor weighs in favor of the requested intra-district transfer."[5] Likewise, Plaintiff does not rebut Defendant's claim that all sources of proof are located in the Tyler Division or that all events giving rise to Plaintiff's claim occurred in the Tyler Division.[6] As a result, this factor weighs in favor of transfer.

3. Second, the Tyler Division is a clearly more convenient forum because all likely witnesses besides Defendant's employees reside in the Tyler Division. All sources of proof, first responders, and medical providers are located in the Tyler Division. Plaintiff himself resides in the

---

[2] *See Potter*, 2019 WL 2150923 at *3, *6; *Durrett*, 2018 WL 5630521 at *2, *5; *Sanger Insurance Agency*, 2014 WL 5389936 at *4-5.

[3] *See* Plaintiff's Response (Doc. 6) at page 7.

[4] *Potter*, 2019 WL 2150923 at *3.

[5] *Id.*

[6] *See* Plaintiff's Response (Doc. 6) at page 7.

Tyler Division. Plaintiff has not identified any specific witnesses who will be inconvenienced by a transfer to the Tyler Division.[7] "Where, as here, the non-movant cannot identify a single witness that would be inconvenienced by the transfer, this factor must be viewed as supporting said transfer."[8]

4. Lastly, the Tyler Division's local interest in having local matters decided at home easily outweighs the Plaintiff's chosen forum when no events giving rise to the claim occurred in the Marshall Division.[9] Plaintiff claims that this factor does not weigh in favor of transfer "without proof that trying the case in Marshall has a burden upon the community."[10] Defendant has no burden to produce such evidence, and this Court has noted "the traditional deference given to plaintiff's choice of forum . . . is less for intra-district transfers."[11] "This is especially so where there is no nexus between the plaintiff's choice of forum and the parties, witnesses, or facts of the case."[12] Plaintiff's claims have no nexus whatsoever with the Marshall Division, and Defendant has no obligation to produce evidence of a burden on Marshall. Therefore, this factor weighs in favor of transfer.[13]

---

[7] *Id.* at page 8.

[8] *See Sanger Insurance Agency*, 2014 WL 5389936 at *5.

[9] *See Potter*, 2019 WL 2150923 at *6.

[10] *See* Plaintiff's Response (Doc. 6) at page 9-10.

[11] *Potter*, 2019 WL 2150923 at *6 (quoting *In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2013)) (internal quotations omitted).

[12] *Id.* (stating that courts are ill-advised to deny transfer "where only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . are in the transferee forum").

[13] *Id.*

## II.  RULE 12(B)(6) ARGUMENT

5. None of the allegations identified in Plaintiff's response meet the required threshold of indicating that Defendant "knew about the peril, but his acts or omissions demonstrate that he did not care."[14] Instead, Plaintiff points to allegations that Defendant failed to design the generator with an adequate fan blade guard, that a safer alternative design existed, and that Defendant failed to provide adequate warnings.[15] These allegations are insufficient to state a claim for gross negligence because none of them address Defendant's alleged "intent or recklessness or specific facts related to subjective or objective awareness."[16] Plaintiff's bare bones recital of gross negligence's legal elements is unsupported by any factual allegations whatsoever regarding Defendant's awareness of and/or refusal to care about a particular risk.[17] Moreover, Plaintiff has not pleaded a negligence claim against Defendant, meaning that Defendant cannot be liable for gross negligence as a matter of law.[18]

## III.  CONCLUSION

6. Because Plaintiff improperly filed his suit in the Marshall Division of the Eastern District of Texas, the Court should dismiss Plaintiff's suit by way of its authority under Federal Rule of Civil Procedure 12(b)(3). Alternatively, this Court should transfer the suit to the Tyler

---

[14] *See Charles v. K-Patents, Inc.*, 2018 WL 9869532 at *7-8 (E.D. Tex. 2018) (Crone, J.); *Hadnot v. City of Woodville, Texas*, 2011 WL 13223555 at *2-3 (E.D. Tex. 2011) (dismissing plaintiff's gross negligence claims "because threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to state a claim).

[15] *See* Plaintiff's Response (Doc. 6) at page 11-12.

[16] *See Charles*, 2018 WL 9869532 at *7 (citing *La-Pac. Cor. v. Andrade*, 19 S.W.3d 245, 247 (Tex. 1999)); *Hadnot*, 2011 WL 13223555 at *2-3.

[17] *See* Plaintiff's Response (Doc. 6) at page 11-12.

[18] *See Charles*, 2018 WL 9869532 at *8.

Division of the Eastern District of Texas, according to the provisions of 28 U.S.C. §1406(a) or in the interest of justice as articulated in 28 U.S.C. §1404(a). Furthermore, this Court should dismiss Plaintiff's gross negligence claim with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, PREMISES CONSIDERED, Generac Power Systems, Inc. prays herein that the Court dismiss the action pursuant to Rule 12(b)(3), or in the alternative, transfer venue to the Tyler Division of the Eastern District of Texas pursuant to Rule 1406(a) or Rule 1404(a) of the United States Code, dismiss Plaintiff's gross negligence claim pursuant to Rule 12(b)(6), and for such other and further relief, whether at law or in equity, to which Defendant may show themselves to be justly entitled.

Respectfully submitted,

**WEINSTEIN RADCLIFF PIPKIN LLP**

*/s/ Robert Radcliff*
Robert K. Radcliff
State Bar No. 24011170
Scott McFadin
State Bar No. 24098074
8350 N. Central Expressway, Suite 1550
Dallas, Texas 75206
214-865-6126 Telephone
214-865-6140 Facsimile
rradcliff@weinrad.com
smcfadin@weinrad.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

  I hereby certify that on February 25, 2020, a true and correct copy of the above and foregoing instrument was served via the ECF system on the following counsel of record:

John D. Sloan, Jr.
David R. Hagan
R. Connor Barbe
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606-2909
Telephone: (903) 757-7000
Facsimile: (903) 757-7574

ATTORNEYS FOR PLAINTIFF

               */s/ Robert Radcliff*
               Robert K. Radcliff